## 48230. LORD v. STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS & SURVEYORS et al.

ARGUED MAY 30, 1973 — DECIDED JUNE 13, 1973.

*Thomas H. Harper, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Jr., Assistant Attorneys General,* for appellee.

HALL, Presiding Judge. The issue is whether the board, having once granted registration to an applicant, may, other than by the institution of suspension or revocation proceedings upon the limited grounds allowed by Code Ann. § 84-2140, deny certificate renewal to a registered surveyor tendering the proper renewal fee, whose certificate has been expired less than five years. We answer this question in the negative, based upon our construction of Code Ann. Title 84, Ch. 21 governing the practice of the professions of engineering and surveying.

The record shows that the appellant Lord, a registered surveyor, held a certificate which was current through December 31, 1968, but had failed to renew for the years 1969, 1970 and 1971. To his letter dated April 12, 1972 to the board requesting reinstatement of his certificate and tendering the fees required by Code Ann. § 84-2133, the board by letter responded that a hearing would be required on Lord's continued "good character and reputation," in light of his two 1969 felony convictions for marijuana offenses. The hearing was subsequently held; Lord was represented there by counsel; evidence of the convictions was introduced for the board;

no evidence on the issue of character was introduced for Lord. In the board's written decision denying registration, this paragraph appears: "The requirements of good character and reputation are applicable not only to persons seeking to register as professional engineers or land surveyors, but are also applicable to all persons who have registered as professional engineers and land surveyors, and it is the duty of the board to ascertain that all certified professional engineers and land surveyors maintain their qualifications so long as they are registered by the board. Code §§ 84-2014 and 2124."

By order dated January 16, 1973, the superior court affirmed the board's order, after a hearing held upon Lord's petition for certiorari.

On this appeal, Lord contends that under Code Ann. § 84-2133 he has a right to the automatic renewal of his certificate upon payment of the proper fee, and that only if his certificate had been expired for five or more years would he be required to comply with § 84-2134 imposing additional tests. Conversely, the board contends that the § 84-2124 requirement of good character applies not only to the evaluation of applicants for initial registration, but is a continuing requirement the existence of which the board may question anew at any time. Neither party has cited, nor has our research disclosed, any administrative regulation of the board which is pertinent to our decision.

Examination of the statutory scheme for registration and licensing shows that under Code Ann. § 84-2124, good character is a requirement for one to be "eligible for registration." There is no doubt that this section applies to those seeking an initial registration. Those meeting the initial requirements are allowed to be registered and are, by the terms of Code Ann. § 84-2130, to be issued a certificate, which is a license to practice. Section 84-2132 states that these certificates shall expire at the end of the year. In § 84-2133, the section questioned on this appeal, the legislature has stated that renewal of expired certificates may be effected "by the payment of a fee of $5." Thus, no requirement other than fee payment is imposed upon those seeking renewal. Indeed, subsequent language of the section makes plain that the legislature had created a "right of renewal." The statute says that failure to renew before expiration shall not adversely affect "the right of renewal," though the fee "shall be the regular renewal fee plus an additional fee of $5." The last quoted language, we decide, means that in this section the legislature intended to create a right

of renewal conditioned only upon the payment of the proper fee, even for those whose certificates have been expired for a number of years. Nothing in the Act limits this "right," except the following section, § 84-2134, which has no application here because Lord had not been out of practice for five years.

As the board at no time contended that the fee tendered by Lord was incorrect, we hold that, having tendered it, he has fulfilled all statutory requirements for the automatic renewal of his certificate, and he was entitled to receive it in 1972. Similarly, upon payment of the proper fee, Lord should be granted a current 1973 certificate. Had the legislature in the drafting of the statute authorized the board in continuing fashion to police the "good character and reputation" of registered surveyors, this appeal would present a different question.

In their briefs and oral argument, both parties have founded their positions on the law as it read prior to the amendment, effective July 1, 1972. It should be noted here that the amendment added to § 84-2140 of the statute as a ground for *revocation* of a certificate, "the conviction of any act which would constitute a felony or a crime involving moral turpitude in the State of Georgia." This gives added impetus to our decision that the certificate renewal section, which was not significantly changed though the fees were increased, was designed to operate automatically unless revocation proceedings were instituted by the board. The board has not contended that the proceedings below were revocation proceedings, and therefore we need not reach the questions whether revocation proceedings might have been brought against Lord as the holder of an expired certificate, or whether Lord's 1969 convictions would provide grounds for future revocation of the new certificate to which we hold that he is entitled.

*Judgment reversed. Evans and Clark, JJ., concur.*