## 49600. GEORGIA REAL ESTATE COMMISSION v. HOWARD.

Stolz, Judge.

On November 26, 1973, the full Georgia Real Estate Commission held a hearing, after which it found that licensee Mrs. Bette Howard had violated several provisions of Code Ch. 84-14 (as amended by Ga. L. 1972, p. 1083). Code Ch. 84-14 had been repealed and re-enacted by Ga. L. 1973, p. 100, effective July 1, 1973. Since the violations were alleged to have occurred in October, 1972, grounds for investigation issued under the former law; however, the 1973 law was applied as to administrative sanctions, since the hearing was conducted subsequent to its effective date. On November 29, 1973, the commission suspended for 12 months Mrs. Howard's real estate broker's license, which was set to expire on December 31, 1973. Mrs. Howard appealed to the Superior Court of Dougherty County, and on December 10 that court stayed the operation of the commission's final decision pending final adjudication of the matter. The commission appeals from the court's judgment reversing its decision.

1. Although the trial judge did not specify the ground or grounds upon which he was reversing the commission, we do not construe his judgment as reversing the adjudication of Mrs. Howard's statutory violations. Code Ann. § 3A-120 (h) (Ga. L. 1964, pp. 338, 354) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." A review of the record of the hearing reveals that the commission's finding and decision in this regard was supported by the evidence and was not "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." § 3A-120 (h) (5). Accordingly, the judgment left intact the commission's finding and decision as to the statutory violations.

2. Both the former and the re-enacted Code Ch. 84-14 provide for suspension or revocation of real estate brokers' licenses. Counsel for appellant contend that the powers of suspension vested in the Real Estate Commission have been enlarged by the 1973 Act. Under

the former law, a license could be suspended "for a period less than the unexpired portion of the license . . ." Former Code § 84-1417. The commission contends that, since the new law contains no such explicit limitation, suspension may now be for a period greater than the unexpired portion of the license. We agree. "Suspension" applies to both the license and to the licensee; in other words, the license itself is suspended, as well as the licensee's right to practice real estate brokerage for the term of the suspension. In *Lord v. State Board of Registration for Professional Engineers & Surveyors*, 129 Ga. App. 190 (199 SE2d 122), this court held that no other requirement existed for the renewal of the license except the payment of a fee and that the Code (§ 84-2101 et seq.) makes it plain that a "right of renewal" exists. (The renewal provisions of Chapter 14 and Chapter 21 of Code Title 84 are practically identical.) Thus, while the license will expire on December 31 of each odd-numbered year, it may be automatically continued upon the payment of the statutory fee. In effect, there is no interruption of the license between the end of the biennial period for which it was issued and the beginning of the new biennial period. Code Ann. § 84-1412.

Accordingly, the trial judge was not authorized to find that the Real Estate Commission's suspension of the license for a period which exceeded the time remaining under the license, was "[i]n violation of . . . statutory provisions" and "[i]n excess of the statutory authority of the agency." Code Ann. § 3A-120 (h)(1, 2).

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED OCTOBER 17, 1974 — REHEARING DENIED NOVEMBER 1, 1974 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, Timothy J. Sweeney, Assistant Attorneys General, R. Douglas Lackey, Deputy Assistant Attorney General,* for appellant.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer,* for appellee.